# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LORI MOSURA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:14-cv-00108 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| JEFF HUBER ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

In this civil action, the Plaintiff, Lori Mosura, sought and was granted permission to file her *pro se* Complaint *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Pursuant to the command of that statute, this Court is obligated to review that Complaint to confirm that it states a claim upon which relief may be granted.

This Court recently examined and applied the rules established by that statute, the Supreme Court and our Court of Appeals for such a review. First, the Court is to consider the stated financial status of the Plaintiff, and her eligibility for IFP status. The Court has performed that review, and has concluded that she is. Second, I am to consider whether the Complaint is "frivolous". In this context, that means that the Court is to apply the same standard that it would apply in evaluating a Motion to Dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6), giving due consideration that as a *pro se* litigant, the Plaintiff is held to a somewhat less precise and demanding pleading standard. See *Detar et al. v. United States Government*, No. 13-1499, 2014 WL 517715, *1-*3 (W.D. Pa. February 7, 2014).

In this consideration, the Court must determine if the Complaint contains sufficient factual allegations, beyond simple conclusions, that would support the Court's exercise of Article III subject matter jurisdiction, and which set forth a plausible claim for relief. *Id.* While some added latitude is provided to *pro se* litigants, such a Complaint must allege sufficient facts to support a cognizable claim for legal relief, whether the *pro se* plaintiff has specifically identified the applicable law or not. Where, as here, the Complaint alleges one or more civil rights violations, if it nonetheless falls short of these standards, the Court must grant the Plaintiff at least one (1) opportunity to amend the Complaint, unless it concludes that doing so would be futile. *Id.*

When these standards are applied here, it is apparent that the Complaint falls far short of the mark, even allowing for the Plaintiff's *pro se* status. In her pleading, Plaintiff sues two facially private actors, Jeff Huber and "Harbor Point Housing." She nonetheless brings the suit alleging a violation of the Fourteenth Amendment, using 42 U.S.C. § 1983 as the vehicle for doing so, and also alleges non-specified violations of Pennsylvania state law. She says that Mr. Huber disregarded the "Code of Federal Regulations", "HUD Regulations", "Pennsylvania statutes, civil and criminal", "Order of a District Magistrate", and the Fourteenth Amendment. ECF No. 1-1 at ¶1-2.

This all appears to be related to some sort of eviction or other dispossession of the Plaintiff from her premises. ECF No. 1-1 at ¶3. Plaintiff alleges, but in only the most conclusory way, that Mr. Huber did all of this in violation of "HUD Regulations", and "under color of state law", but provides no flesh on those pleading bones as to what sort of regulations, how/why they are at all applicable to this situation, and most importantly, how/why Mr. Huber was acting under the color of state law, given her other allegations that he was acting directly contrary to all sorts

2

of state, federal and local laws. ECF No. 1-1 at ¶14. She also alleges that he was acting as an agent of Beaver County, Pennsylvania, and/or the Beaver County Housing Authority, without providing any factual support for such a statement, or an inference for such conclusions. She then goes on to allege that Mr. Huber acted in violation of a number of Pennsylvania state criminal laws, along with the federal criminal civil rights statute, 18 U.S.C. § 242, but it would appear to the Court that none of them provide for a separate civil remedy.

In conformity with the direction of our Court of appeals in *Grayson v. Mayview State Hosp.*, 293 F. 3d 103 (3d Cir. 2002), the Complaint will be dismissed but without prejudice, and the Plaintiff will be granted leave to amend her Complaint to state a claim for relief, with such amended Complaint to be filed on or before March 24, 2014. In the meantime, the Clerk of this Court shall mark this case administratively closed. Should a timely amended Complaint be filed, the case will be reopened, and will then proceed apace. Should Plaintiff fail to do so, the case will then be dismissed with prejudice without further notice.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: March 3, 2014

cc: All counsel of record